UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:10-20509-CR-MARTINEZ-BROWN

UNITED STATES OF AMERICA,

vs.

WILLIAM GORDON ISAAC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE BROWN'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge for a Report and Recommendation on Defendant's Amended Motion to Suppress Defendant's Statements & Tangible Evidence Procured in Contravention of the Defendant's United States Constitutional Rights (D.E. No. 24). In this motion, Defendant William Gordon Isaac ("Defendant") moves to suppress statements made to law enforcement personnel upon his arrival at the Miami International Airport from Lima, Peru on June 22, 2010. Defendant also seeks to suppress any tangible evidence, such as the lost luggage form he filled out, obtained in connection with his statements. Magistrate Judge Brown held an evidentiary hearing on this motion and filed a Report and Recommendation (D.E. No. 35), recommending that Defendant's motion to suppress be denied.

Defendant has filed objections to Magistrate Judge Brown's Report and Recommendation, objecting to certain factual findings and the legal conclusions based on these findings. Specifically, Defendant objects to Magistrate Judge Brown's factual finding that he was not in custody when he filled out the lost luggage form and to Magistrate Judge Brown's factual

finding that he never clearly invoked his right to counsel. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and after careful consideration, this Court affirms and adopts Magistrate Judge Brown's Report and Recommendation.

First, the Court affirms and adopts Magistrate Judge Brown's factual finding that Defendant was not in custody at the time he filled out the lost luggage form. Defendant argues in his motion to suppress that this form should be suppressed because he was in custody when he filled it out and had not yet been given his *Miranda* warnings. *Miranda* warnings must be given when a suspect is in custody and subject to interrogation. *United States v. Brown*, 441 F.3d 1330, 1347 (11th Cir.2006). A suspect is in custody "for the purposes of *Miranda* when there has been a 'formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *Id.* at 1347 (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). When considering whether a suspect is in custody before he has been formally arrested "the issue is whether 'under the totality of the circumstances, a reasonable [innocent] man in the suspect's position would feel a restraint on his freedom of movement . . . to such extent that he would not feel free to leave.'" *United States v. Moya*, 74 F. 3d 1117, 1119 (11th Cir. 1998) (quoting *United States v. Phillips*, 812 F. 2d 1355, 1360 (11th Cir. 1987)). "The test is objective: the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant." *Moya*, 74 F. 3d at 1119. "In applying this test there are several factors we are to consider, including whether 'the officers brandished weapons, touched the suspect, or used language or a tone that indicated that compliance with the officers could be compelled.'" *United States v. Street*, 472 F. 3d 1298, 1309 (11th Cir. 2006) (quoting *United States v. Long*,

866 F.2d 402, 405 (11th Cir. 1989)).[1]

Defendant objects to Magistrate Judge Brown's finding that he was not in custody when he filled out this form because Agent Bajana with Customs and Border Patrol testified that a reasonable person would have believed they were in custody when the form was filled out and because Defendant testified that he believed he was in custody at the time he filled out the form. Defendant also notes that at this time he had already been told he could not go to the toilet and that Agent Bajana told Defendant he "needed" to fill out the form if he wanted his luggage back. The Court, however, disagrees that this demonstrates that Defendant was in custody when he filled out the form.

First, the subjective opinion of Defendant and Agent Bajana as to whether Defendant was in custody when he filled out the form are irrelevant. *See id.* at 1119 (stating that "the actual, subjective beliefs of the defendant and the interviewing officer on whether the defendant was free to leave are irrelevant."). Here, the Court finds that the totality of the circumstances demonstrate that Defendant was not in custody when he filled out the lost luggage form. It is undisputed that he was not under arrest and that he was not handcuffed when he reached the baggage claim area. (D.E. No. 46, Tr. at 34-35). Moreover, when Defendant's bags were not in the claim area, the lost luggage form was given to Defendant by an airline representative, and Defendant himself testified that he filled out the form because he wanted his things back. *Id.* at 36, 52. He stated that "[a]ny passenger traveling on an airline would want to claim their bags" and in filling out the

---

[1] The Court also notes that there is a "strong governmental interest in controlling the borders." *United States v. Moya*, 74 F.3d 1117, 1120 (11th Cir. 1996). Because of this strong interest, "events which might be enough often to signal 'custody' away from the border will not be enough to establish 'custody' in the context of entry into the county." *Id.*

form he "did what any passenger would want to do." *Id.* at 52. Agent Bajana also testified that he told Defendant that he needed to speak with the airline representative regarding his lost luggage form because "if you are missing luggage that is the person who you have to speak with." (D.E. No. 45, Tr. at 43). Agent Bajana testified that he does not know whether the airline representative told Defendant that he had to fill out the form and that if Defendant had chosen not to fill out the form with the airline representative, there was nothing Agent Bajana could have done about it. *Id.* at 42-43. Thus, the Court affirms and adopts Magistrate Judge Brown's finding that Defendant was not in custody when he filled out the lost luggage form and finds Defendant's objection is without merit.

Next, the Court also affirms and adopts Magistrate Judge Brown's factual finding that Defendant never clearly invoked his right to counsel. Defendant has objected to Magistrate Judge Brown's finding, arguing that Agent Temprano, a Drug Enforcement Agency agent, testified that "at the time the Defendant refused to sign the written waiver, he clearly, effectively and unequivocally asserted his right to remain silent and for the services of a lawyer from that point on." (D.E. No. 40 at 4). Defendant also argues that despite this, the agent still asked the Defendant certain questions which elicited his "admission about whether he had a buyer for the cocaine in the United States." *Id.* Thus, Defendant argues these statements must be suppressed.[2] This Court disagrees.

In order to invoke his right to counsel, Defendant must make an unequivocal and

---

[2]Defendant also argues in his objections that he only volunteered to discuss a previous criminal case he was involved in and did not volunteer to discuss this case. The Court finds no evidence in the record to support Defendant's contention that he only partially waived his rights and finds this objection is without merit. Defendant may wish to argue at trial that his statements to the agents only related to his previous case, but that is an issue for trial.

unambiguous request. See *Davis v. United States*, 512 U.S. 452, 459 (1994) (stating that "a cessation of questioning" is only required if a suspect unambiguously requests counsel.); *United States v. Acosta*, 363 F. 3d 1141, 1152 (11th Cir. 2004) (stating that "it is . . . well settled that law enforcement officers have no duty to stop an interrogation where the suspect's invocation of either . . . [his right to silence or his right to an attorney] is equivocal.").

In this case, Defendant was advised of his rights shortly after his interview with Agent Temprano began. *See* (D.E. No. 46, Tr. 11-12, 54). At that time Defendant did not tell Agent Temprano that he wanted a lawyer. *Id.* at 13, 54. Near the end of the interview, Agent Temprano obtained a waiver form, which he did not have when he initially read Defendant his rights. *Id.* at 15. Defendant read this form and initialed parts of the form but then refused to sign the form because "he had spent many years doing law research in prison and would not sign any forms without speaking to his attorney." *Id.* at 15-16. The Court acknowledges that at the suppression hearing, Agent Temprano agreed with Defense counsel that the refusal to sign the form "was in essence an invocation of . . . [Defendant's] rights." *Id.* at 28. However, Agent Temprano's opinion as to whether there was an invocation of Plaintiff's rights by his refusal to sign is at odds with the controlling law and irrelevant. The law is clear that a suspect's "refusal to sign a waiver of rights form is not enough to constitute an invocation of rights." *Acosta*, 363, F. 3d at 1154. Thus, the Court affirms and adopts Magistrate Judge Brown's finding that Defendant never clearly invoked his right to counsel and finds Defendant's objection without merit. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge Brown's Report and Recommendation **(D.E. No. 35)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

Defendant's Amended Motion to Suppress Defendant's Statements & Tangible Evidence Procured in Contravention of the Defendant's United States Constitutional Rights (D.E. No. 24) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this __17__ day of September, 2010.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

-6-